IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL SUISSI, § <br> § <br> Plaintiff, § <br> § **Case Number:** _____ <br> - vs - § <br> § <br> WELLS FARGO NATIONAL BANK, § <br> § <br> Defendant. § | |

## NOTICE OF REMOVAL

Defendant Wells Fargo Bank, National Association as Trustee for Soundview Home Loan Trust 2007-OPT4, Asset-Backed Certificates, Series 2007-OPT4[1] ("Defendant" or "Wells Fargo"), by and through its attorneys, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## BACKGROUND

On June 30, 2022, Plaintiff Michael Suissi ("Plaintiff" or "Suissi") filed an Original Petition and Verified Request for Temporary Restraining Order against the Defendant in the Dallas County 14th District Court of Texas (the "Action").[2] Plaintiff seeks relief pertaining to the title to real property located at 22 Dunrobin, Garland, TX 75044 (the "Property") and seeks to prevent Defendant from foreclosing its mortgage lien secured against the Property.

Defendant has yet to be served with process. As such, this removal is timely pursuant to 28 U.S.C. § 1446(b).

---

[1] Plaintiff improperly named as Wells Fargo Bank.
[2] *See* Original Petition and Verified Request for Temporary Restraining Order ("Pet."), Exhibit B. The docket sheet appears at Exhibit A. All filings from the Action are attached hereto as Exhibits B-E.

### I. DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because: (1) there is complete diversity between Plaintiff and Defendant; and (2) the amount in controversy exceeds $75,000 exclusive of interests and costs.

**A.     Complete Diversity Exists.**

There is complete diversity between Plaintiff and Defendant.

**1.     Plaintiffs is a Citizen of Texas.**

Plaintiffs is an individual living in Texas. Plaintiff specifically alleges that he is an individual resident of Garland, Texas, which is in Dallas County.[3]  For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).  Upon information and belief, Plaintiff has no intention of leaving Texas and does not plead any such intention in the Petition.  Thus, for diversity purposes, Plaintiff's domicile is in Texas, and therefore, Plaintiff is a citizen of Texas.

**2.     Wells Fargo is a Citizen of South Dakota.**

Wells Fargo is a citizen of South Dakota for purposes of diversity jurisdiction.  Wells Fargo is a national banking association acting as trustee of a trust.  As trustee, Wells Fargo's citizenship controls for diversity purposes. *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex 2009) ("[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee.") (*citing Navarro Sav. Ass'n v. Lee*, 446 U.S. 4558, 461 (1980) and *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1067 n. 17 (5th Cir. 1980)).  In *Wachovia Bank, N.A. v. Schmidt*¸ the United States Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located.  546

---

[3] *See* Pet., p. 2.

U.S. 303, 307 (2006); *see also* 28 U.S.C. § 1348. Wells Fargo's main office, as designated in its articles of association, is located in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes.

**B.     Amount in Controversy is Met.**

The amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff, among other things, seeks injunctive relief to prevent Defendant from foreclosing a lien secured against the Property.[4] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). Where "[t]he purpose of the injunctive [or] declaratory relief [is] to stop the foreclosure sale of . . . properties, 'the amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented.'" *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). A common method of establishing the value of real property is to look to a county appraisal district's assessment. *Statin v. Deutsche Bank Nat. Trust Co.*, 599 F. App'x 545, 546-47 (5th Cir. 2014). The current market value of the Property according to the Dallas Central Appraisal District is $1,067,240.00.[5] Because this assessed value of the Property exceeds $75,000, the amount in controversy has been met.

While Defendant denies the allegations in the Petition, denies any liability to Plaintiff whatsoever, and denies that Plaintiff is entitled to any relief, if Plaintiff's allegations are proven to

---

[4] Pet., p. 2-3.
[5] *See* Appraisal District Profile, Exhibit F.

be true, the amount in controversy far exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney fees.

## II. VENUE IS PROPER IN THIS COURT

Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending. The Action was commenced in the 14th Judicial District Court of Dallas County, Texas on June 30, 2022. This Court embraces the 14th Judicial District Court of Dallas County, Texas, the state court in which the action is now pending. 28 U.S.C. §§ 1391 and 1441(a).

## III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL SATISFIED

Pursuant to 28 U.S.C. 1446(a), true and correct copies of all process, pleadings, and orders from the state court file of the Action are being filed with this Notice of Removal.[6] Defendants are filing with the clerk of the state district court in which the Action is pending, and is serving upon Plaintiffs, a Notice of Removal, together with this Notice of Filing Notice of Removal and supporting documentation, pursuant to 28 U.S.C. § 1446(d).

Based upon the foregoing, Defendants are entitled to remove this action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.

## IV. REMOVAL IS PROPER TO THIS COURT

Defendant has met the requirements for removal of this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. This Notice of Removal is filed subject to and without waiver of all rights and defenses to Plaintiff's claims herein.

---

[6] *See* Exhibit A, Docket Sheet; Exhibits B-E Filings in the Dallas County District Court, true and correct copies of which are attached.

Date: July 12, 2022                                    Respectfully submitted,

                                                 */s/   Adam Nunnallee*
                                                 **Adam Nunnallee**
                                                 Texas Bar No. 2405743
                                                 anunnallee@dykema.com
                                                 **McKenna Rammell Crisp**
                                                 Texas Bar No. 24115255
                                                 mcrisp@dykema.com
                                                 **DYKEMA GOSSETT PLLC**
                                                 Comerica Bank Tower
                                                 1717 Main Street, Suite 4200
                                                 Dallas, Texas 75201
                                                 Telephone: (214) 462-6453
                                                 Facsimile: (855) 256-1482

                                             **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document was served upon on all counsel of record on July 12, 2022, in compliance with the Federal Rules of Civil Procedure.

Thomas C. Barron
Law Offices of Thomas C. Barron
P.O. Box 141323
Dallas, Texas 75214
tbarron@barronlawfirm.com

                                               */s/   McKenna Rammell Crisp*
                                               **McKenna Rammell Crisp**